S. B. WHEELER, The (ROGERS v.). See Case No. 12,021.

## Case No. 12,426.

### SCAIFE v. FULTON et al.

### SAME v. SHERRIFFS et al.

[2 Ban. & A. 235;[1] 9 O. G. 1164.]

Circuit Court, E. D. Pennsylvania. March 11, 1876.

PATENTS—INFRINGEMENT—SPECIFICATIONS.

Upon the construction given by the court to letters patent number 92,718, granted to George W. Glass. July 20, 1869, for an improvement in ejectors, the defendants *held* not to have infringed.

In equity. These suits were brought [by William B. Scaife] to restrain an alleged infringement by the defendants [A. Fulton's Sons & Co. and Sherriffs and Loughrey] of letters patent No. 92,718, granted to George W. Glass, July 20, 1869, for an improvement in ejectors. The patented device consisted of a vertical discharge-pipe having a coniform lower end immersed in the water, and a steam or air pipe entering the lower end and discharging a jet of steam or air into the discharge-pipe under the surface of the water, whereby the latter was raised and ejected from the pipe. Defendants' device consisted of the vertical water pipe provided with a T or globe head at the upper end, through which a jet of steam passed across the upper end of the water-pipe, exhausting the air therein and causing a vacuum which permitted the water to rise and be discharged. The claims of the patent are: "(1) The combination of the pipes b and c, so arranged as to be used for the purpose of forcing, blowing, or ejecting liquids from wells, ships, or other place, as herein described and set forth. (2) The ejector, composed of the pipes b and c, the lower end of pipe b entering within the coniformed mouth of the pipe c, substantially as herein described. (3) The construction and combination for immersing in oil or water, in wells or other place, the lower end of pipes arranged so that, by the use of steam or air forced down one pipe,

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

[Drawings of patent No. 92,718, granted July 20, 1869, to G. W. Glass; published from the records of the United States patent office.]

liquids will be forced up the other, substantially upon the principle as herein described and set forth."

George Shiras, Jr., and J. J. Johnson, for complainant.

William Bakewell and T. B. Kerr, for defendants.

McKENNAN, Circuit Judge. The novelty of the invention claimed by the complainant here is contested, but I do not feel called upon to say whether successfully or not, because the bill must be dismissed on another ground. Whatever may be the capabilities of the invention described in the patent, its character and scope are so circumscribed by the specifications and claims that the respondents cannot be adjudged to be infringers.

The complainant's and the respondents' structures are operated by the application of different forces, and are of different construction, and are, therefore, not substantially identical. I deem it only necessary to make this general statement to indicate the reason for which the decree is made.

Bills dismissed at cost of complainant.